## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | | |
|---|---|---|
| RYAN REITMEIER and<br>MORGAN MCINTOSH, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File |
| | ) | No. _____ |
| v. | ) | |
| | ) | |
| OUTBACK STEAKHOUSE OF<br>FLORIDA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiffs Ryan Reitmeier ("Plaintiff Reitmeier") and Morgan McIntosh ("Plaintiff McIntosh") (together "Plaintiffs"), by and through counsel, file this Complaint against Defendant Outback Steakhouse of Florida, LLC ("Defendant" or "Outback") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.   Plaintiffs allege as follows:

## PARTIES

1.      Plaintiff Reitmeier is an adult resident of Leon County, Florida.

2.      Plaintiff McIntosh is an adult resident of Leon County, Florida.

3.      Defendant Outback Steakhouse of Florida, LLC ("Outback of Florida") is a Florida corporation operating and doing business in Georgia with its principal place of business at 2202 N. West Shore Blvd., 5th Floor, Tampa, FL 33607.

4.      Defendant Outback of Florida owns and operates the restaurant Outback Steakhouse at 1824 Club House Drive, Valdosta, GA 31601, Lowndes County (the "Restaurant").

5.      Defendant Outback of Florida's registered agent is Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391.   Defendant transacted business in this judicial district, and a substantial portion of the events giving rise to the claims of Plaintiff Reitmeier and Plaintiff McIntosh alleged herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

8.      Plaintiff Reitmeier was employed by Defendant approximately during the period August 2018 through December 2019.

9.     Plaintiff McIntosh was employed by Defendant approximately during the period September 2017 through June 2020.

10.     At all relevant times, Plaintiffs were "employees" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

11.     At all relevant times, Defendant was the "employer" of Plaintiffs.

12.     At all relevant times, Defendant had multiple employees, including Plaintiffs, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

13.     At all relevant times, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

14.     Defendant owns and operates the Restaurant.

### I.     Plaintiff Reitmeier

15.     Defendant employed Plaintiff Reitmeier at the Restaurant.

16.     Defendant hired Plaintiff Reitmeier as a server at the Restaurant in approximately August 2018.

17.     Plaintiff Reitmeier's employment by Defendant ended on or about December 2019.

18.    Plaintiff Reitmeier was denied earned wages by Defendant while working at the Restaurant.

19.    At all relevant times, Plaintiff Reitmeier was a non-exempt, tipped employee of Defendant and was paid a tip-credit wage of $2.13 per hour for each hour clocked in as a server.

20.    Federal law permits Defendant to take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage (which must be at least $2.13) and the federal minimum wage.

21.    Federal law prohibits Defendant from utilizing the tip credit when requiring employees to perform non-tip tasks that are not contemporaneous with tip-producing activities and are not for reasonable times immediately before or after performing contemporaneous tipped activities.

A.    **Opening and Closing Tasks that Were Non-Tip Producing and Not Contemporaneous with Tip-Producing Tasks or Customer Service.**

22.    At all times during Plaintiff Reitmeier's employment, Defendant routinely assigned him duties to perform non-tipped maintenance-type, food prep, cleaning and other non-server duties while employed by Defendant.

23.    Plaintiff Reitmeier was required to perform extensive opening and closing duties that were not contemporaneous with customer service, that were

4

substantial, and amounted to a separate, non-server occupation.  These duties were not contemporaneous with customer service server duties.   These duties were performed both before and after customer service shifts and for extensive periods of time that were not reasonable times immediately before or after tipped activities.

24.    Plaintiff Reitmeier's opening and closing non-server duties extended to the entire Restaurant rather than areas where he served customers.

25.    Plaintiff Reitmeier's mandatory opening and closing non-server duties consumed a substantial portion of Plaintiff Reitmeier's workday, were more than "part of the time" that Plaintiff Reitmeier worked, were for times longer than a few minutes and longer than de minimis time periods.

**1.     Opening Duties.**

26.    Throughout the relevant period, the Restaurant opened for business at 11:00 AM.

27.    Throughout the relevant period, Plaintiff Reitmeier was required when working an opening, lunch shift to arrive at the Restaurant at or before 10:30 AM to perform non-server and other non-tip producing opening duties.

28.    Plaintiff Reitmeier's opening duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas outside of server stations; brewing beverages, changing out syrups, and cleaning the soda machine; polishing

and rolling silverware; rinsing and running ramekins and silverware in the dishwasher, organizing those pieces to dry, and putting them back in their place in the kitchen; wiping down condiments; cutting limes, lemons, oranges, and other garnishes; filling ice bins; polishing and stocking glassware; cleaning under tables and booths; sweeping floors; cleaning and restocking the drink station; cleaning and restocking the server station; cleaning floors; pulling out booths; setting up the tables and chairs in the dining room; stocking the potato bar with butter, sour cream, cheese, bacon bits, cinnamon, seasonal sauces, and brown sugar and putting ice in the containers for the potato bar; and other non-server duties that were not contemporaneous with customer service.  While performing these duties before the Restaurant opening and before being assigned a customer, Plaintiff Reitmeier was not able to earn tips and provided no customer service.

29.    There was a clear dividing line between Plaintiff Reitmeier's server duties and Plaintiff Reitmeier's non-server duties performed before the Restaurant opening and before being assigned a customer.

30.    The duties Plaintiff Reitmeier performed for the 30-minute periods before the Restaurant opening and for periods before Plaintiff Reitmeier was assigned customers were non-server duties and were performed at easily demarcated times when Plaintiff Reitmeier did not and could not earn tips.

31.     These opening non-server duties (that were not contemporaneous with customer service) usually continued well beyond the 11:00 AM Restaurant opening because Plaintiff Reitmeier would often not be assigned a customer until 30 to 60 minutes after the Restaurant had opened.

**2. Closing Duties.**

32.     Throughout the relevant period, the Restaurant closed at 10:00 PM on weekdays (Monday through Thursday); 11:00 PM on Friday and Saturday; and 9:30 PM on Sunday.

33.     Throughout the relevant period, when working a closing shift, Plaintiff Reitmeier was often required to remain at the Restaurant 60 to 90 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the Restaurant.

34.     Plaintiff Reitmeier was often required to perform non-tip-producing work after his last assigned table had closed out, but before the Restaurant closed.

35.     These closing duties were non-server and non-tip-producing duties that were required to be performed for extensive and unreasonable periods of time after Plaintiff Reitmeier's last customers were served and after the Restaurant closed.

36.     The closing duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas outside of the server stations; cleaning and

changing out syrups for the soda machine; polishing and rolling silverware; rinsing and running ramekins and silverware in the dishwasher, organizing those pieces to dry, and putting them back in their place in the kitchen; wiping down condiments; cleaning the bread oven; scraping gum; filling ice bins; polishing and stocking glassware; cleaning under tables and booths; sweeping floors; cleaning and restocking the drink station; cleaning and restocking the server station; cleaning floors; collecting and taking out trash; pulling out booths; moving the tables and chairs in the dining room; labeling and cleaning the containers for the potato bar; and other non-server duties that were not contemporaneous with customer service. While performing these closing duties after closing or after his last customers closed out, Plaintiff Reitmeier was not able to earn tips.

37.     There was a clear dividing line between Plaintiff Reitmeier's server duties and Plaintiff Reitmeier's non-server duties before and after restaurant opening and before and after customers were served.

38.     Defendant denied Plaintiff Reitmeier minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff Reitmeier was performing opening and closing duties that were not contemporaneous with customer service duties and were for unreasonable time periods before and after the performance of customer service.

39.   Plaintiff Reitmeier also was required at times to perform additional non-server duties such as performing deep cleanings and covering the Restaurant in plastic to protect the equipment and surfaces from bug spray for bug night.

40.   Defendant violated the FLSA by willfully refusing to pay Plaintiff Reitmeier proper minimum wage compensation for these non-server duties amounting to a separate occupation.

41.   Defendant maintained records of hours that Plaintiff Reitmeier worked except for the time Plaintiff worked off-the-clock at the direction of Defendant.

42.   Defendant's policy and practice of requiring Plaintiff Reitmeier to perform these duties that were not contemporaneous with customer service while paying sub-minimum, tip-credit wages violates the FLSA.

**B.    Off-the-Clock and Overtime Calculation Violations**

43.   Plaintiff Reitmeier sometimes worked in excess of 40 hours per workweek.

44.   Defendant improperly denied Plaintiff Reitmeier's overtime wages and sometimes required Plaintiff Reitmeier to work off the clock if he was close to forty (40) hours in the workweek even though Defendant required Plaintiff Reitmeier to continue to work for more than forty (40) hours during the workweek.

45.     The requirement that Plaintiff Reitmeier work off the clock resulted in unpaid minimum wage and overtime to Plaintiff Reitmeier in violation of the FLSA.

46.     On some occasions, Defendant directed Plaintiff to work more than 40 hours in a workweek while clocked in.  On those occasions, Defendant paid some overtime to Plaintiff but calculated the overtime incorrectly resulting in an underpayment to Plaintiff Reitmeier of wages due under the FLSA.

**II.     Plaintiff McIntosh**

47.     Defendant employed Plaintiff McIntosh at the Restaurant.

48.     Defendant hired Plaintiff McIntosh as a server at the Restaurant in approximately September 2017.

49.     Defendant hired Plaintiff McIntosh to also be a bartender at the Restaurant in approximately January 2018.

50.     During the relevant period, Plaintiff McIntosh worked as both a server and a bartender.

51.     Plaintiff McIntosh's employment by Defendant ended on or about June 2020.

52.     Plaintiff McIntosh was denied earned wages by Defendant while working at the Restaurant.

53.     At all relevant times, Plaintiff McIntosh was a non-exempt, tipped employee of Defendant and was paid a tip-credit wage of $2.13 per hour for each hour clocked in as a server and bartender.

54.     Federal law permits Defendant to take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage (which must be at least $2.13) and the federal minimum wage.

55.     Federal law prohibits Defendant from utilizing the tip credit when requiring employees to perform non-tip tasks that are not contemporaneous with tip-producing activities and are not for reasonable times immediately before or after performing contemporaneous tipped activities.

A.      **Opening and Closing Tasks that Were Non-Tip Producing and Not Contemporaneous with Tip-Producing Tasks or Customer Service.**

56.     At all times during Plaintiff McIntosh's employment, Defendant routinely assigned her duties to perform non-tipped maintenance-type, food prep, cleaning and other non-server and non-bartender duties while employed by Defendant.

57.     Plaintiff McIntosh was required to perform extensive opening and closing duties that were not contemporaneous with customer service that were substantial and amounted to a separate, non-server and non-bartender occupation.

11

These duties were not contemporaneous with customer service server or bartender duties.  These duties were performed both before and after customer service shifts and for extensive periods of time that were not reasonable times immediately before or after tipped activities.

58.    Plaintiff McIntosh's opening and closing non-server and non-bartender duties extended to the entire Restaurant rather than areas where she served customers.

59.    Plaintiff McIntosh's mandatory opening and closing non-server and non-bartender duties consumed a substantial portion of Plaintiff McIntosh's workday, were more than "part of the time" that Plaintiff McIntosh worked, were for times longer than a few minutes and longer than de minimis time periods.

**1. Opening Duties – Server.**

60.    Throughout the relevant period, the Restaurant opened for business at 11:00 AM.

61.    Throughout the relevant period, Plaintiff McIntosh was required when working an opening, lunch shift to arrive at the Restaurant at or before 10:30 AM to perform non-server and other non-tip producing opening duties.

62.    Plaintiff McIntosh's opening duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas outside of server stations;

12

brewing beverages, changing out syrups, and cleaning the soda machine; polishing and rolling silverware; rinsing and running ramekins and silverware in the dishwasher, organizing those pieces to dry, and putting them back in their place in the kitchen; wiping down condiments; cutting limes, lemons, oranges, and other garnishes; filling ice bins; polishing and stocking glassware; cleaning under tables and booths; sweeping floors; cleaning and restocking the drink station; cleaning and restocking the server station; cleaning floors; pulling out booths; setting up the tables and chairs in the dining room; stocking the potato bar with butter, sour cream, cheese, bacon bits, cinnamon, seasonal sauces, and brown sugar and putting ice in the containers for the potato bar; and other non-server duties that were not contemporaneous with customer service.  While performing these duties before the Restaurant opening and before being assigned a customer, Plaintiff McIntosh was not able to earn tips and provided no customer service.

63.    There was a clear dividing line between Plaintiff McIntosh's server duties and Plaintiff McIntosh's non-server duties performed before the Restaurant opening and before being assigned a customer.

64.    The duties Plaintiff McIntosh performed for the 30-minute periods before the Restaurant opening and for periods before Plaintiff McIntosh was

assigned customers were non-server duties and were performed at easily demarcated times when Plaintiff McIntosh did not and could not earn tips.

65.     These opening non-server duties (that were not contemporaneous with customer service) usually continued well beyond the 11:00 AM Restaurant opening because Plaintiff McIntosh would often not be assigned a customer until 30 to 60 minutes after the Restaurant had opened.

**2. Closing Duties – Server.**

66.     Throughout the relevant period, the Restaurant closed at 10:00 PM on weekdays (Monday through Thursday); 11:00 PM on Friday and Saturday; and 9:30 PM on Sunday.

67.     Throughout the relevant period, when working a closing shift, Plaintiff McIntosh was often required to remain at the Restaurant 60 to 90 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the Restaurant.

68.     Plaintiff McIntosh was often required to perform non-tip-producing work after her last assigned table had closed out, but before the Restaurant closed.

69.     These closing duties were non-server and non-tip-producing duties that were required to be performed for extensive and unreasonable periods of time after Plaintiff McIntosh's last customers were served and after the Restaurant closed.

70.     The closing duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas outside of server stations; cleaning and changing out syrups for the soda machine; polishing and rolling silverware; rinsing and running ramekins and silverware in the dishwasher, organizing those pieces to dry, and putting them back in their place in the kitchen; wiping down condiments; cleaning the bread oven; filling ice bins; polishing and stocking glassware; cleaning under tables and booths; sweeping floors; cleaning and restocking the drink station; cleaning and restocking the server station; cleaning floors; collecting and taking out trash; pulling out booths; moving the tables and chairs in the dining room; labeling and cleaning the containers for the potato bar; and other non-server duties that were not contemporaneous with customer service.  While performing these closing duties after closing and after her last customers closed out, Plaintiff McIntosh was not able to earn tips.

71.     There was a clear dividing line between Plaintiff McIntosh's server duties and Plaintiff McIntosh's non-server duties, before and after restaurant opening and before and after customers were served.

72.     Defendant denied Plaintiff McIntosh minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff McIntosh was performing opening and closing duties that were not contemporaneous with customer service

duties and were for unreasonable time periods before and after the performance of customer service.

73.    Plaintiff McIntosh also was required at times to perform additional non-server duties such as covering the Restaurant in plastic to protect the equipment and surfaces from bug spray for bug night.

74.    Defendant violated the FLSA by willfully refusing to pay Plaintiff McIntosh proper minimum wage compensation for these non-server duties amounting to a separate occupation.

75.    Defendant maintained records of hours that Plaintiff McIntosh worked.

76.    Defendant's policy and practice of requiring Plaintiff McIntosh to perform these duties that were not contemporaneous with customer service while paying sub-minimum, tip-credit wages violates the FLSA.

**3. Opening Duties – Bartender**

77.    Throughout the relevant period, the Restaurant opened for business at 11:00 AM.

78.    Throughout the relevant period, Plaintiff McIntosh was required when working an opening lunch shift to arrive at the Restaurant at or before 10:15 AM to perform non-bartender and other non-tip producing opening duties.

79. Plaintiff McIntosh's opening duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas outside of the bar area; making mixes for cocktails and juices; brewing beverages, changing out syrups, and cleaning the soda machine; polishing and rolling silverware; rinsing and running ramekins, silverware, and glasses in the dishwasher, organizing those pieces to dry, and putting them back in their place in the kitchen; cutting limes, lemons, oranges, strawberries and other garnishes; filling ice bins; maintaining and disposing of broken glass buckets; polishing and stocking glassware; hanging glassware; stocking and organizing wine and beer; setting up the barstools in the bar area; and other non-bartender duties that were not contemporaneous with customer service. While performing these duties before the Restaurant opening and before being assigned a customer, Plaintiff McIntosh was not able to earn tips and provided no customer service.

80. There was a clear dividing line between Plaintiff McIntosh's bartender duties and Plaintiff McIntosh's non-bartender duties performed before the Restaurant opening and before being assigned a customer.

81. The duties Plaintiff McIntosh performed for the 45-minute periods before the Restaurant opening and for periods before Plaintiff McIntosh was

17

assigned customers were non-bartender duties and were performed at easily demarcated times when Plaintiff McIntosh did not and could not earn tips.

82.     These opening non-bartender duties (that were not contemporaneous with customer service) usually continued well beyond the 11:00 AM Restaurant opening because Plaintiff McIntosh would often not be assigned a customer until 30 to 60 minutes after the Restaurant had opened.

**4. Closing Duties – Bartender.**

83.     Throughout the relevant period, the Restaurant closed at 10:00 PM on weekdays (Monday through Thursday); 11:00 PM on Friday and Saturday; and 9:30 PM on Sunday.

84.     Throughout the relevant period, when working a closing shift, Plaintiff McIntosh was often required to remain at the Restaurant 60 to 90 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the Restaurant.

85.     Plaintiff McIntosh was often required to perform non-tip-producing work after her last assigned table or guest had closed out, but before the Restaurant closed.

86.     These closing duties were non-bartender and non-tip-producing duties that were required to be performed for extensive and unreasonable periods of time after Plaintiff McIntosh's last customers were served and after the Restaurant closed.

87.     The closing duties included, but were not limited to: extensive cleaning throughout the Restaurant and in areas outside of the bartender stations; cleaning and changing out syrups for the soda machine; cleaning the air gaskets between the coolers; wiping down the bar; polishing and rolling silverware; rinsing and running ramekins and silverware in the dishwasher, organizing those pieces to dry, and putting them back in their place in the kitchen; disposing of fruits and garnishes; filling ice bins; maintaining and disposing of broken glass buckets; polishing and stocking glassware; hanging glassware; stocking and organizing wine and beer; pulling out booths; cleaning under booths; sweeping floors; cleaning floors; collecting and taking out trash; stacking the barstools on the bar; cleaning out the keg cooler; counting register drawers; and other non-bartender duties that were not contemporaneous with customer service.  While performing these closing duties after closing or after her last customers closed out, Plaintiff McIntosh was not able to earn tips.

88.    There was a clear dividing line between Plaintiff McIntosh's bartender duties and Plaintiff McIntosh's non-bartender duties before and after the Restaurant opening and before and after customers were served.

89.    Defendant denied Plaintiff McIntosh minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff McIntosh was performing opening and closing duties that were not contemporaneous with customer service duties and were for unreasonable time periods before and after the performance of customer service.

90.    Defendant violated the FLSA by willfully refusing to pay Plaintiff McIntosh proper minimum wage compensation for these non-server duties amounting to a separate occupation.

91.    Defendant maintained records of hours that Plaintiff McIntosh worked for the time that she was clocked in.

92.    Defendant's policy and practice of requiring Plaintiff McIntosh to perform these duties that were not contemporaneous with customer service while paying sub-minimum, tip-credit wages violates the FLSA.

93.    Plaintiff McIntosh also was required at times to perform additional non-bartender duties such as performing deep cleanings taking inventory of the liquor orders and calling businesses to place the orders. Plaintiff was required to come in

every Monday morning to do these non-bartender, non-tip producing inventory tasks, even if she was not scheduled for a shift, and was still only paid a tip credit wage of $2.13 per hour.

**B.    Off-the-Clock and Overtime Calculation Violations**

94.    Plaintiff McIntosh sometimes worked in excess of 40 hours per work week.

95.    Defendant improperly denied Plaintiff McIntosh's overtime wages and sometimes required Plaintiff McIntosh to work off the clock if she was close to forty (40) hours in the workweek even though Defendant required Plaintiff McIntosh to continue to work for more than forty (40) hours during the workweek.

96.    The requirement that Plaintiff McIntosh work off the clock resulted in unpaid minimum wage and overtime to Plaintiff McIntosh in violation of the FLSA.

97.    On some occasions, Defendant directed Plaintiff to work more than 40 hours in a workweek while clocked in. On those occasions, Defendant paid some overtime to Plaintiff but calculated overtime incorrectly resulting in an underpayment to Plaintiff McIntosh of wages due under the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**ASSERTED BY RYAN REITMEIER**

98.   Plaintiff Reitmeier repeats and realleges each paragraph above as though it were fully set forth at length herein.

99.   At all times during Plaintiff Reitmeier's employment, Defendant was Plaintiff Reitmeier's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

100.   At all times during Plaintiff Reitmeier's employment, Defendant employed Plaintiff Reitmeier within the meaning of the FLSA.

101.   During the relevant period, Defendant violated the FLSA, 29 U.S.C. § 206, by failing to compensate Plaintiff Reitmeier at the applicable federal minimum wage for opening and closing sidework duties that were not part of customer service, not contemporaneous with customer service, and were for unreasonable periods of time.

102.   During the relevant period, Defendant failed to compensate Plaintiff Reitmeier at the applicable federal minimum wage for tasks that were not directed towards producing tips and that were performed before Restaurant opening and/or before Plaintiff Reitmeier was assigned customers.  Such tasks were not contemporaneous with customer service and were not tip-producing and were not for reasonable time periods.

103.   During the relevant period, Defendant failed to compensate Plaintiff Reitmeier at the applicable federal minimum wage for tasks that were not directed towards producing tips and that were performed after Restaurant closing and/or after Plaintiff Reitmeier's assigned customers were no longer being served. Such tasks were not contemporaneous with customer service and were not tip-producing and were not for reasonable time periods.

104.   During the relevant period, Defendant failed to compensate Plaintiff Reitmeier at the applicable federal minimum wage for all hours worked at the Restaurant.

105.   Defendant violated 29 C.F.R. § 203(m) when it improperly paid Plaintiff Reitmeier a tip-credit wage for opening and closing duties that were before and after the restaurant opened and closed; and before and after customers were served.  See also, 29 C.F.R. § 531.56.

106.   During the relevant period, Defendant failed to compensate Plaintiff Reitmeier for overtime hours worked and failed to properly calculate the overtime owed to Plaintiff Reitmeier resulting in underpayment of overtime even when Defendant purported to pay for overtime hours.

107.   Defendant failed to pay Plaintiff Reitmeier at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

108.   As a result of Defendant's willful failure to pay Plaintiff Reitmeier the appropriate wages, Defendant violated the FLSA, 29 U.S.C. §§ 206(a), 207(a), and 215(a).

109.   Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

110.   Due to Defendant's FLSA violations, Plaintiff Reitmeier was damaged and is entitled to recover from Defendant compensation for unpaid minimum wage; unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**ASSERTED BY MORGAN MCINTOSH**

111.   Plaintiff McIntosh repeats and realleges each paragraph above as though it were fully set forth at length herein.

112.   At all times during Plaintiff McIntosh's employment, Defendant was Plaintiff McIntosh's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

113.   At all times during Plaintiff McIntosh's employment, Defendant employed Plaintiff McIntosh within the meaning of the FLSA.

114.   During the relevant period, Defendant violated the FLSA, 29 U.S.C. § 206, by failing to compensate Plaintiff McIntosh at the applicable federal minimum wage for opening and closing sidework duties that were not part of customer service, not contemporaneous with customer service, and were for unreasonable periods of time.

115.   During the relevant period, Defendant failed to compensate Plaintiff McIntosh at the applicable federal minimum wage for tasks that were not directed towards producing tips and that were performed before the Restaurant opening and/or before Plaintiff McIntosh was assigned customers.  Such tasks were not contemporaneous with customer service and were not tip-producing and were not for reasonable time periods.

116.   During the relevant period, Defendant failed to compensate Plaintiff McIntosh at the applicable federal minimum wage for tasks that were not directed towards producing tips and that were performed after the Restaurant closing and/or

after Plaintiff McIntosh's assigned customers were no longer being served. Such tasks were not contemporaneous with customer service and were not tip-producing and were not for reasonable time periods.

117.   During the relevant period, Defendant failed to compensate Plaintiff McIntosh at the applicable federal minimum wage for all hours worked at the Restaurant.

118.   Defendant violated 29 C.F.R § 203(m) when it improperly paid Plaintiff McIntosh a tip-credit wage for opening and closing duties that were before and after the restaurant opened and closed; and before and after customers were served. See also, 29 C.F.R. § 531.56.

119.   During the relevant period, Defendant failed to compensate Plaintiff McIntosh for overtime hours worked and failed to properly calculate the overtime owed to Plaintiff McIntosh resulting in underpayment of overtime even when Defendant purported to pay for overtime hours.

120.   Defendant failed to pay Plaintiff McIntosh at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

121.   As a result of Defendant's willful failure to pay Plaintiff McIntosh the appropriate wages, Defendant violated the FLSA, 29 U.S.C. §§ 206(a), 207(a), and 215(a).

122.   Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

123.   Due to Defendant's FLSA violations, Plaintiff McIntosh was damaged and is entitled to recover from Defendant compensation for unpaid minimum wage; unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs demand a trial by jury and request that this Court grant the following relief against Defendant:

A.   An award of unpaid compensation for wages including overtime and minimum wage to Plaintiffs;

B.   An award of all liquidated damages for unpaid wages to Plaintiffs;

C.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

D.   Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 19, 2021,

**HALL & LAMPROS, LLP**

*/s/ Brittany A. Barto*
Christopher B. Hall
Ga Bar No. 318380
Brittany A. Barto
Ga Bar No. 501673

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for the Plaintiffs*